JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
LAKITAH ENGLISH
3817 SYDENHAM STREET
PHILADELPHIA, PA 19140

**(b)** County of Residence of First Listed Plaintiff  **PHILADELPHIA**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)* GRAHAM BAIRD
LAW OFFICES OF ERIC A. SHORE, P.C.
1500 JFK BLVD, STE. 1240
PHILADELPHIA, PA 19102

## DEFENDANTS
GOT THE LOOK, INC.
1575 N. 52ND ST., STE 702
PHILADELPHIA, PA 19131

County of Residence of First Listed Defendant **PHILADELPHIA**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | ☐ 791 Employee Retirement Income Security Act | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):* 42 U.S.C. § 2000
Brief description of cause: EMPLOYMENT DISCRIMINATION - PREGNANCY

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 150,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____  DOCKET NUMBER _____

DATE 6/13/16
SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

ENGLISH : CIVIL ACTION
:
v. :
:
GOT THE LOOK, INC. : NO.
:

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
     and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
     exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
     commonly referred to as complex and that need special or intense management by
     the court. (See reverse side of this form for a detailed explanation of special
     management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (✓)

6/13/16     GRAHAM BAIRD     PLAINTIFF, LAKITAH ENGLISH
Date        Attorney-at-law       Attorney for

215.627.9999    215.627.9426    Grahamb@ericshore.com
Telephone        FAX Number        E-Mail Address


(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __3817 SYDENHAM STREET, PHILADELPHIA, PA 19140__

Address of Defendant: __1575 N. 52ND STREET, STE 702 PHILADELPHIA, PA 19131__

Place of Accident, Incident or Transaction: __2800 FOX STREET, PHILADELPHIA, PA__
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☑

Does this case involve multidistrict litigation possibilities?   Yes☐   No☑

RELATED CASE, IF ANY:
Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes☐   No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes☐   No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐   No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes☐   No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, __GRAHAM F. BAIRD__, counsel of record do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: __6/13/16__       _[signature]_       __92692__
                        Attorney-at-Law     Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __6/13/16__       _[signature]_       __92692__
                        Attorney-at-Law     Attorney I.D.#

CIV. 609 (5/2012)

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Lakitah English<br>3817 Sydenham Street<br>Philadelphia, PA 19140<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>Got the Look, Inc.<br>1575 North 52nd Street, Suite 702<br>Philadelphia, PA 19131<br><br><br>　　　　Defendants | JURY DEMANDED<br><br><br>No. |

## CIVIL ACTION COMPLAINT

**I. Parties and Reasons for Jurisdiction.**

1. Plaintiff, Lakitah English (hereinafter "Plaintiff") is an adult individual residing at the above address.

2. Defendant, Got the Look, Inc. (hereinafter "Defendant") is a corporation organized by and operating under the laws of the Commonwealth of Pennsylvania and having a corporate headquarters at the above captioned address. Defendant is a citizen of Pennsylvania.

3. Defendant qualifies as Plaintiff's "employer" pursuant to Title VII of the Civil Rights Act of 1964, the Pregnancy Discrimination Act of 1978, and the Pennsylvania Human Relations Act ("PHRA").

4. Plaintiff has exhausted her administrative remedies pursuant to the Equal Employment Opportunity Act and the Pennsylvania Human Relations Act. (See Exhibit A, a true and correct copy of a "right-to-sue" letter issued by the Equal Employment Opportunity Commission and her dual filing certification with the Pennsylvania Human Relations Commission).

5. This action is instituted pursuant to Title VII of the Civil Rights Act of 1964, the Pregnancy Discrimination Act of 1978, the Pennsylvania Human Relations Act, and applicable federal law.

6. Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

7. Supplemental jurisdiction over the Plaintiff's state law claims is conferred pursuant to 28 U.S.C. § 1367.

8. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendants conducts business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Plaintiff was working in the Eastern District of Pennsylvania at the time of the illegal actions by Defendants as set forth herein.

**II. Operative Facts.**

9. In the beginning of November 2013, Plaintiff was hired by Defendant to work as a retail cashier at a Got the Look, Inc. store, owned, operated and managed by Defendant located at 2800 Fox Street, Philadelphia, Pennsylvania.

10. In February 2015, Plaintiff was promoted to Key Holder of the store, where in addition to her duties as cashier, Plaintiff was responsible for opening and closing the store.

11. Plaintiff became pregnant in March 2015, in which she did not notify Defendant for personal reasons.

12. In or around May 2015, Plaintiff was promoted to sole manager at her store.

13. In the beginning of August 2015, Jacob Jacobson, Vice President of Got the Look, Inc. (hereinafter "Mr. Jacobson"), came into Plaintiff's store and exclaimed to Plaintiff, "Oh, you're pregnant," due to her pregnancy becoming physically apparent.

14. Plaintiff's job performance and job satisfaction was good, evidenced by her recent promotion to sole manager of the store, until she confirmed that she was pregnant to Defendant.

15. On August 23, 2015, Mr. Jacobson came to the register, where Plaintiff was located, and introduced her to a male and female as the new store managers.

16. Mr. Jacobson continued explaining that because Plaintiff would be leaving soon, due to her pregnancy, she would no longer be a manager, the new managers would take care of everything, and that she would continue to receive the manager pay rate.

17. Shortly after Mr. Jacobson left the store, two now former employees of Defendant, Jasmine Carter and Tiffanie McCall (non-parties), asked Plaintiff why Mr. Jacobson would have this conversation in front of other employees and customers in the store. They further expressed concern that Defendant's actions and statements were wrong and discriminatory.

18. The following day, August 24, 2015, Plaintiff received a phone call from her Supervisor, Dorothy Stratz (hereinafter "Ms. Stratz"), informing Plaintiff of this new change, and reiterating that she was no longer a manager.

19. Additionally, Ms. Stratz informed Plaintiff that she was no longer needed and she "needed to focus on the baby". She explained that Plaintiff may call after she gives birth and Got the Look might discuss hiring her back.

20. Plaintiff, extremely confused, asked Ms. Stratz why this was happening, as she just spoke to Mr. Jacobson the day before. Ms. Stratz responded that she was just doing what she was told to do.

21. Prior to Plaintiff's termination, a non-pregnant person was hired to Plaintiff's previous position.

22. Defendants' primary motivation for terminating Plaintiff was the fact that she was pregnant.

23. At all times material, Defendant was hostile to Plaintiff's pregnancy and terminated her immediately upon becoming aware of her pregnancy.

24. As a direct and proximate result of Defendants' conduct in terminating Plaintiff, Plaintiff sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages, as well emotional distress, humiliation, pain and suffering and other damages as set forth below.

## III. Causes of Action.

### COUNT I – TITLE VII CLAIM—THE CIVIL RIGHTS ACT OF 1964
### (42 U.S.C.A. § 2000 et seq)

25. Plaintiff incorporates paragraphs 1-24 as if fully set forth at length herein.

26. At all times material hereto, and pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.A §2000e, et seq,, an employer may not discriminate against an employee on the basis of sex, including pregnancy.

27. Plaintiff is a qualified employee and person within the definition of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A §2000e, et seq,.

28. Defendant is an "employer" and thereby subject to the strictures of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A §2000e, et seq,.

29. At all times material to her termination, Plaintiff was pregnant, as described above.

30. Defendant's conduct in terminating Plaintiff is an adverse action, was taken as a result of her pregnancy and constitutes a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A §2000e, et seq,.

31. Defendant's conduct in demoting Plaintiff (from a manager position), then subsequently terminating her, are adverse actions and were taken as a result of her pregnancy and constitutes a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A §2000e, et seq,.

32. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

33. As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

34. Pursuant to the Title VII of the Civil Rights Act of 1964, 42 U.S.C.A §2000e, et seq, Plaintiff demands attorneys fees and court costs.

### COUNT II – VIOLATION OF THE PREGNANCY DISCRINIMATION ACT OF 1978
### (42 U.S.C.A. § 2000e)

35. Plaintiff incorporates paragraphs 1-34 as if fully set forth at length herein.

36. At all times material hereto, and pursuant to the Pregnancy Discrimination Act of 1978, 42 U.S.C.A § 2000e, et seq, an employer may not discriminate against an employee on the basis of pregnancy.

37. Plaintiff is a qualified employee and person within the definition of the Pregnancy Discrimination Act of 1978, 42 U.S.C.A § 2000e, et seq,.

38. Defendant is an "employer" and thereby subject to the strictures of the Pregnancy Discrimination Act of 1978, 42 U.S.C.A § 2000e, et seq,.

39. At all times material hereto, Plaintiff was pregnant, as described above.

40. Defendant's conduct in terminating Plaintiff is an adverse action, was taken as a result of her pregnancy and constitutes a violation of the Pregnancy Discrimination Act of 1978, 42 U.S.C.A § 2000e, et seq,.

41. Defendant's conduct in demoting Plaintiff from a manager position, then subsequently terminating Plaintiff, are adverse actions and were taken as a result of her pregnancy and constitutes a violation of the Pregnancy Discrimination Act of 1978, 42 U.S.C.A § 2000e, et seq,.

42. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

43. As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

44. Pursuant the Pregnancy Discrimination Act of 1978, 42 U.S.C.A § 2000e, et seq, Plaintiff demands attorneys fees and court costs.

### COUNT III – VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT
### (43 P.S. § 955)

45. Plaintiff incorporates paragraphs 1-44 as if fully set forth at length herein.

46. At all times material hereto, and pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq, an employer may not discriminate against an employee on the basis of sex, including pregnancy.

47. Plaintiff is a qualified employee and person within the definition of Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

48. Defendant is an "employer" and thereby subject to the strictures of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

49. At all times material to her termination, Plaintiff was pregnant, as described above.

50. Defendant's conduct in terminating Plaintiff is an adverse action, was taken as a result of her pregnancy and constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

51. Defendant's conduct in demoting Plaintiff from a manager position, then subsequently terminating Plaintiff, are adverse actions and were taken as a result of her pregnancy and constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

52. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

53. As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

54. Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq, Plaintiff demands attorneys fees and court costs.

V. **Relief Requested.**

**WHEREFORE,** Plaintiff Lakitah English demands judgment in her favor and against Defendant, Got the Look, Inc., in an amount in excess of $150,000.00 together with:

A. Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering

B. Punitive damages;

C. Attorneys fees and costs of suit;

D. Interest, delay damages; and,

E. Any other further relief this Court deems just proper and equitable..

 

                                                    **LAW OFFICES OF ERIC A. SHORE, P.C.**

                                                    BY: _____
                                                    **GRAHAM F. BAIRD, ESQUIRE**
                                                    Two Penn Center
                                                    1500 JFK Boulevard, Suite 1240
                                                    Philadelphia, PA 19110

                                                    Attorney for Plaintiff, Lakitah English

Date: 6/13/16

# EXH. A

EEOC Form 161 (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Lakitah English<br>3817 Sydenham St.<br>Philadelphia, PA 19140 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |
|---|---|---|---|

[ ]    *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2015-04137 | Legal Unit,<br>Legal Technician | (215) 440-2828 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]    The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]    Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]    The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]    Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]    The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]    The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]    Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____     3/28/16
Spencer H. Lewis, Jr.,     (Date Mailed)
District Director

Enclosures(s)

cc:    **GOT THE LOOK INC.**

      **Graham Baird, Esq. (for Charging Party)**

      **Dorothy Stratz, HR Supervisor (for Respondent)**